528 A.2d 1069

City of Scranton, Appellant *v.* Elsie Sulz, et al., Appellees.

Argued April 20, 1987, before Judges CRAIG, PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*Edmund J. Scacchitti, Olivetti & Scacchitti,* for appellant.

*David J. Reedy, Jr.,* for appellees.

OPINION BY JUDGE PALLADINO, July 24, 1987:

The City of Scranton (Appellant) appeals from an order of the Court of Common Pleas of Lackawanna County (trial court) granting the Consumer Coal and Fuel Company (Appellee) leave to submit bids on certain parcels of real estate held for sale by Appellant. We affirm.

This case concerns two parcels located at 511 and 513 New Street in Scranton, Pennsylvania. Appellant purchased the properties previously owned by Appellee at separate treasurer's sales held on December 12, 1966 and September 16, 1968 for delinquent taxes owed for the years 1962 and 1964 respectively.

On February 15, 1984, Appellant approved a proposal by one Daniel Maro to purchase the properties pursuant to the Act of June 28, 1967, P.L. 122, 53 P.S. §§30901-30915. After Appellant filed a Petition for Validation of Tax Title and Approval of Sale of Real Estate pursuant to Section 12(a) of the Act, 53 P.S. §30912(a), Appellee filed objections: (1) challenging the validity of the treasurer's sale under Section 12(b), 53 P.S. §30912(b);[1]

---

[1] Appellee's challenge to the validity of the Treasurer's Sale has been withdrawn and is therefore moot for purposes of this appeal.

and (2) contesting the price under Section 14, 53 P.S. §30914. The trial court permitted Appellee to submit bids on the properties in question and stated that "the court will approve the offer which appears to be in the best interest of taxing authorities having claims against the land."[2]

Appellant contends that Appellee, as a former owner of the properties, is precluded from submitting bids on the properties since the time for redemption has passed. Appellee, on the contrary, contends that since their right of redemption has passed, they may submit bids as ordinary strangers to the properties. We agree with Appellee.

The right of redemption is a statutory right provided in Section 3 of the Act, 53 P.S. §30903,[3] which permits the owner, or any interested party, to redeem property sold at treasurer's sale for the full amount paid by the purchaser, plus ten percent, plus the balance (if any) of taxes and costs. This right exists for a period of one year beyond the date of treasurer's sale. Appellee, in the instant case, lost all right of redemption after 1968.

However, Section 15 of the Act, 53 P.S. §30915, which controls disposition of lands purchased at treasurer's sale by Appellant, states: "All lands heretofore purchased by any city . . . at a sheriff's sale, treasurer's sale or any sale for nonpayment of city taxes, and held beyond the period of redemption, may be sold to *a purchaser* under the terms of sections eleven, twelve, thirteen and fourteen of this act." (Emphasis added.) There is no statutory restriction as to who is "a

---

[2] Order of the trial court.

[3] Subsequent to the first sale but before the second sale, the legislature repealed 53 P.S. §26103 and enacted the current 53 P.S. §30903. The two statutes are the same for all relevant purposes.

purchaser" within the meaning of Section 15. Moreover, Section 14 of the Act, 53 P.S. §30914, states:

> If *any person* shall appear and make answer to or objection to said petition or complaint and rule, and said answer or objection shall contest the adequacy of the price for which the city has agreed to sell said land, the court shall fix a time, within thirty days from the aforesaid return day, for *all persons to appear before said court and make offers* for said land, and the court may approve such offer, as in its discretion appears to be in the interest of all taxing authorities having claims against the land. (Emphasis added.)

Once the time to exercise the right of redemption as provided in Section 3 of the Act, 53 P.S. §30903, has passed, Appellee, a former owner, reverts to the status of an ordinary person and may contest the adequacy of the price of the proposed sale pursuant to Section 14, 53 P.S. §30914, and submit bids on the properties.

Since the trial court properly offered all parties, including Appellee, opportunity to submit bids, we will affirm.

## ORDER

AND NOW, July 24, 1987, the order of the Court of Common Pleas of Lackawanna County in the above-captioned matter is affirmed.